# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BARBARA R. DALY, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF JAMES F. DALY, DECEASED )<br><br>Plaintiff, )<br><br>v. )<br><br>CENTRAL REFRIGERATED SERVICE, INC., )<br><br>Defendant. ) | Case No. 1:10-cv-6883<br><br>Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion to transfer venue to the Southern District of Iowa [8]. For the reasons set forth below, the Court grants Defendant's motion.

## I.     Factual and Procedural Background

On May 11, 2009, a tractor-trailer driven by Anthony Johnson, an employee of Defendant Central Refrigerated Service, Inc. ("Defendant"), collided with a vehicle driven by Plaintiff Barbara J. Daly ("Plaintiff") on Interstate 80 in Scott County, Iowa. Plaintiff suffered injuries as a result of the accident. Her husband, James F. Daly – who was a passenger in her vehicle at the time – died following the collision. Todd Iagulli, an individual in a separate vehicle, was injured in the same accident. Mr. Iagulli filed a lawsuit against Defendant in Iowa state court, which Defendant removed to the Southern District of Iowa (in which jurisdiction the accident took place).[1]

On August 16, 2010, Plaintiff, a resident of St. Charles, Illinois, filed a lawsuit in the Northern District of Illinois (in which jurisdiction the town of St. Charles is located) against Defendant, which is incorporated under the laws of Nebraska and has its principal place of

---

[1] *Iagulli v. Johnson*, Case No. 3:10-cv-00056 (S.D. Iowa).

business in Utah, as well as Anthony Johnson, a resident of Texas. Defendant filed a motion to dismiss and to transfer venue to the Southern District of Iowa on the grounds that Anthony Johnson was a resident of Texas, the accident took place in the jurisdiction of the Southern District of Iowa, and Mr. Iagulli's case concerning the same accident is pending in that jurisdiction. On October 25, 2010, Plaintiff voluntarily dismissed the case. She re-filed the case on the following day against Defendant only (not naming Anthony Johnson as a defendant). Count I of Plaintiff's complaint asserts a wrongful death action; Count II seeks recovery of funeral and burial expenses; Count III asserts a negligence claim for personal injury.

On November 21, 2010, Defendant filed the instant motion [8] to transfer venue to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a).

## II.     Legal Standard Governing Motions to Transfer Venue

A district court, "[f]or the convenience of parties and witnesses, in the interest of justice, * * * may transfer any civil action to any other district court where" jurisdiction and venue would have been proper at the time the suit was initiated. 28 U.S.C. § 1404(a). Transfer is thus appropriate when (1) venue is proper in the transferor court and venue and jurisdiction would be proper in the proposed transferee court, (2) the transfer would serve the convenience of the parties, (3) the transfer would serve the convenience of the witnesses, and (4) transfer would be in the interests of justice. See *Continental Cas. Co. v. Staffing Concepts, Inc.* 2009 WL 3055374, at *2 (N.D. Ill. Sep. 18, 2009); see also *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010); *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996). Considering additional factors – such as the location of material events – may be appropriate given the Seventh Circuit's teaching that the specified statutory "factors are best viewed as placeholders for a broader set of considerations,

the contours of which turn upon the particular facts of each case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n.3 (7th Cir. 1986); see also *Research Automation*, 626 F.3d at 98 (holding that the statutory structure of § 1441(a) "affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations").

"The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219. The moving party bears the burden of establishing that a transfer of venue is warranted based on the particular facts of the case. See *id.* at 219-20. The first factor, the plaintiff's choice of forum, typically is accorded significant weight. See *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed" (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947))). The Seventh Circuit has stated, however, that the Plaintiff's choice of forum has only "minimal value where none of the conduct occurred in the forum selected by the plaintiff." *Chicago, Rock Island, & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955).

### III. Analysis

#### A. Venue Is Proper in this Court and Would Be Proper in the Proposed Transferee Court

Venue is proper in both this Court and the Southern District of Iowa pursuant to 28 U.S.C. § 1391(a)(1)-(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because Plaintiff resides in the Northern District of Illinois. Venue would be proper in the proposed transferee court under 28 U.S.C. § 1391(a)(2) because all of the events giving rise to Plaintiff's claim occurred in the Southern District of Iowa.

### B. Convenience of the Parties Favors Transfer

In assessing the convenience of the parties, courts should consider (1) the plaintiff's choice of forum, (2) the location of material events, (3) the availability and accessibility of witnesses, (4) the relative ease of access to sources of proof, and (5) the accessibility of resources in each forum. See *Research Automation*, 626 F.3d at 978; *In re Nat'l Presto Indust., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003).

#### 1. Plaintiff's Choice of Forum

In general, courts should give significant weight to a plaintiff's choice of forum. See *Nat'l Presto Indust., Inc.*, 347 F.3d at 664. Courts grant additional deference when the plaintiff resides in the chosen forum. See *Midwest Precision Services, Inc. v. PTM Industries Corporation*, 574 F. Supp. 657 (N.D. Ill. 1983); *Ful Incorporated v. United School District #204*, 839 F. Supp. 1307 (N.D. Ill. 1993). However, a plaintiff's choice of forum has only "minimal value where none of the conduct occurred in the forum selected by plaintiff" (*Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)) or "where another forum bears a stronger relationship to the dispute" (*Brunswick Bowling & Billiards Corp. v. Pool Tables Plus, Inc.*, 2005 WL 396304, at *5 (N.D. Ill. Feb. 16, 2005)).

Here, Plaintiff chose to file her lawsuit in this forum. However, Defendant argues that Plaintiff's choice is outweighed by the fact that the accident giving rise to her claims occurred in the Southern District of Iowa (a fact that Plaintiff does not dispute). The Court agrees. Given that the "location of material events giving rise to the case" occurred in the proposed transferee district, Plaintiff's choice of forum is entitled to considerably less weight in this case. See *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007).

### 2. Location of Material Events

The material event in this case was the traffic accident that occurred on May 11, 2009, in the westbound lane of Interstate 80 in LeClaire, Iowa, which is located in the jurisdiction of the Southern District of Iowa. Plaintiff does not dispute this fact. Plaintiff alleges that Anthony Johnson was driving Defendant's truck to Illinois, and was only a few miles away from the Illinois border at the time of the accident. However, it is unclear what bearing this allegation has on the analysis, given that the accident giving rise to Plaintiff's claims took place before Johnson crossed over the border from Iowa to Illinois. This sub-factor thus weighs strongly in favor of transfer.

### 3. Availability and Accessibility of Witnesses

The availability and accessibility of witnesses is another sub-factor of convenience to the parties that a court should consider in conducting a transfer analysis. See *Research Automation*, 626 F.3d at 978; *In re Nat'l Presto Indust., Inc.*, 347 F.3d at 664. The availability and accessibility of non-party witnesses is more significant than party witnesses, as the latter "normally must appear voluntarily." *Amorose,* 521 F. Supp. 2d at 735. Furthermore, even when a non-party witness is unwilling to appear in the forum of plaintiff's choice, the availability of compulsory process to compel attendance of him or her may weigh against transferring the case. See *Igoe*, 220 F.2d at 304.

Here, although Plaintiff and her family members (survivors of James T. Daly) may be more accessible in this forum, they are likely to appear voluntarily, and thus the Court does not give this consideration substantial weight. To the extent that agents or employees of Defendant will appear as witnesses, they would most likely come from Defendant's principal place of

business (Utah), and thus, arguably, would be no less available or accessible in the Southern District of Iowa than the Northern District of Illinois.

Most of the non-party witnesses whom the parties expect to call reside in Iowa, and are beyond the reach of compulsory process. Plaintiff has submitted affidavits from three Iowa witnesses (Lieutenant Neil Wellner, Benjamin Cooprider, and Dr. L.W. Blum) as well as from Texas resident Anthony Johnson, in which the affiants declare that they would be willing to appear voluntarily in the Northern District of Illinois. However, several potential witnesses whom Defendant may call have not filed similar declarations.[2] Moreover, even if the parties could avail themselves of the testimony of the four affiants, those individuals undoubtedly would find Iowa (where they reside) to be more accessible than Illinois. Indeed, both Benjamin Cooprider and Anthony Johnson declared that although they would be willing to appear in Illinois, transferring the case to Iowa would be more convenient for them. Thus, on balance, the Court concludes that this sub-factor weighs in favor of Defendant.

### 4. Accessibility of Sources of Proof

Defendant argues that because the accident took place in Iowa, sources of proof are more accessible in Iowa than in Illinois. Specifically, Defendant contends that a jury in the Southern District of Iowa could more easily view the accident scene than one in the Northern District of Illinois. Plaintiff counters that such a field trip is unlikely to be useful or necessary given that (1) the construction occurring on that portion of Interstate 80 at the time of the accident has since been completed, altering the conditions of the accident scene, and (2) detailed photographs of the accident scene and construction conditions would likely be made available to a jury in either

---

[2] Defendant states that several organizations have potential ties to this case due to their involvement in the road construction that caused the initial traffic congestion on Interstate 80: Foley Construction Company (Davenport, IA), McCarthy Improvement Company (Davenport, IA), Selco (Dubuque, IA) and the Iowa Department of Transportation. Defendant also states that these potential witnesses could be brought in as parties to the case if they are found to have played any contributory role in the accident.

6

venue. Plaintiff's argument is persuasive; access to sources of proof is a wash in the transfer analysis.

>    **5.    Access to Resources**

Plaintiff contends that the access-to-resources sub-factor weighs against transfer for several reasons. First, Plaintiff argues that her home in St. Charles, Illinois, is a mere 40 miles from the courthouse in the Northern District of Illinois – a distance short enough to permit her and her family members to drive between court and home each day as necessary. By contrast, the court in the Southern District of Iowa is approximately 120 miles from Plaintiff's home, a distance that would require Plaintiff and her family members to stay at a hotel should the case go to trial.

Plaintiff also argues that Defendant has greater access to resources in Illinois than Iowa because Defendant transacts business and maintains an office in this forum. Defendant does not dispute that it has an office in Naperville, Illinois, that is staffed by two brokers (neither of whom is expected to testify if this case proceeds to trial). However, Defendant argues that its Naperville office and staff conduct business that is entirely unrelated to the accident that gave rise to Plaintiff's claims, and thus that the presence of that office in the Northern District of Illinois is irrelevant for purposes of the § 1404(a) analysis. The Court agrees that the type of business conducted by the Naperville office appears to be so wholly unrelated to that involved in the accident that the location of the office is irrelevant to the transfer analysis in terms of providing access to resources. Moreover, although Plaintiff's home is closer to the court in this district, the proposed transferee forum is still close enough to Plaintiff's home that this factor weighs only slightly against transfer.

In sum, the Court concludes that the location of material of events, availability and accessibility of witnesses, and accessibility of sources of proof outweigh Plaintiff's choice of forum and the accessibility of resources. Thus the convenience of the parties weighs in favor of transferring the case to the Southern District of Iowa.

### C. Convenience of Witnesses Favors Transfer

Courts assessing the second factor – convenience of the witnesses – generally consider the availability and accessibility of witnesses. See *Research Automation*, 626 F.3d at 978. "The party seeking transfer must specify the key witnesses to be called and make a generalized statement of their testimony." *Id.* (citing *Federated Dep't Stores, Inc. v. U.S. Nat'l Assoc.*, 2001 WL 503039, at *4 (N.D. Ill. May 11, 2001)); see also *Am. Family Ins. ex rel. Suddarth v. Wal-Mart Stores, Inc.*, 2003 WL 1895390, at *2 (N.D. Ill. Apr. 17, 2003) (holding that a defendant must show that the testimony of the particular witnesses is necessary to its case). Courts should weigh not just the raw number of witnesses but also "the nature and quality of the witnesses' testimony." *Gueorguiev v. Max Rave, LLC,* 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007). Many courts state that, all other things being equal, the convenience of non-party witnesses is accorded greater weight than the convenience of party witnesses, the latter of whom *must* participate (or rather, whose non-participation brings more easily administered consequences). See, *e.g., First Nat'l Bank v. El Camino Resources, Ltd.,* 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006).

As stated above, most of the witnesses likely to appear in the case reside in Iowa. Defendant lists multiple police officers who are residents of Iowa and whose testimony would be relevant to the case. Plaintiff points out that much of these officers' testimony would be duplicative of the that of Lieutenant Wellner, an Iowa State Patrolman who authored the comprehensive Technical Collision Investigative Report that pertained to the accident and that

consolidated the others officers' reports. Lieutenant Wellner has declared that he would be willing to appear in the Northern District of Illinois voluntarily. However, given that Lieutenant Wellner resides in Iowa, the Southern District of Iowa no doubt is more convenient to him than is this Court.

With respect to the medical professionals likely to testify at trial, three individuals who provided treatment to Plaintiff (Dr. L.W. Blum, Dr. Timothy Petsche, and physical therapist Timothy Kisner) reside in Illinois. This Court would thus be more convenient for them than the proposed transferee court. However, all other medical professionals likely to testify – including all of the nurses and physicians who provided treatment to Plaintiff and her husband immediately following the accident – reside in Iowa. On balance, then, the convenience of the medical expert witnesses is at most neutral.

Convenience of the eyewitnesses likely to be called at trial favors granting the transfer. With the exception of Plaintiff (whose convenience under this factor must be discounted because, as a party to the lawsuit, she must appear (see *Amorose*, 521 F.Supp.2d at 736)), only one eyewitness resides in Illinois: Mark Wells. The other two eyewitnesses – Todd Iagulli (the other driver injured in the accident) and Anthony Johnson (the driver of Defendant's truck) – are residents of New Jersey and Texas, respectively, so under normal circumstances both forums would be equally convenient to them (or, as Plaintiff argues, the Northern District may be more convenient because there presumably are more direct flights to Chicago than Davenport). However, because Mr. Iagulli has filed a lawsuit against Defendant and Anthony Johnson that arises out of the same accident and that is now pending in the Southern District of Iowa, both he and Anthony Johnson already will be testifying in that forum as named parties. Accordingly, both individuals are likely to find that forum more convenient than this one. Indeed, Mr.

Johnson provided an affidavit, attached to Defendant's motion to transfer, in which he stated that "given that I must attend the trial of the Iagulli case in Iowa, it would be more convenient and less of a hardship for me if the Daly case proceeded at the same time. Testifying at depositions and a trial in two cases in separate locations and at separate times would certainly impose a hardship on me." [8-6, at ¶ 7.]

Plaintiff points out that most of the above-mentioned non-party witnesses are liability witnesses, and argues that liability is likely to be conceded in the case. Plaintiff further notes that damages are likely to be the only issue at trial, and that most damages witnesses (such as Plaintiff's family members, physician, and physical therapists) are Illinois residents for whom this forum would be more convenient. Plaintiff's argument is premature. Defendant has not conceded liability, and the Court therefore must consider the convenience of both liability and damages witnesses. Finally, Plaintiff contends that Defendant has not included sufficient details on the nature of the witnesses' testimony to allow the Court to conclude that the convenience of the witnesses favors transfer. However, given the level of detail that Defendant has provided about the witnesses' testimony, and bearing in mind that only minimal discovery has occurred to date, the Court is satisfied that it has sufficient information about the nature of the prospective witnesses' testimony to assess this factor. On balance, looking at the convenience of all non-party witnesses, the Court concludes that this factor weighs in favor of transfer.

### D. Interests of Justice Favors Transfer

The fourth factor – the interests of justice – concerns "the efficient administration of the court system." *Research Automation*, 626 F.3d at 978. Courts should consider docket congestion, likely speed to trial in each court, each court's familiarity with the relevant law, the desirability of resolving disputes in each court, and the relationship to the dispute of the

communities in which the respective courts sit. *Id.* This factor may be dispositive in granting or denying transfer of venue "even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

In this case, the interests-of-justice factor is affected significantly by the existence of the *Iagulli* case in the Southern District of Iowa. See *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (holding that in determining which venue is more likely to result in the swift administration of justice, courts analyze the important factor of trying related litigation together). The instant case and the *Iagulli* case most certainly meet the criteria of being related litigation. The Seventh Circuit teaches that "related litigation should be transferred to a forum where consolidation is feasible." *Coffey,* 796 F.2d at 221; see, *e.g.*, *Van Dusen v. Barrack*, 376 U.S. 612, 643-46 (1964); *FTC v. MacArthur*, 532 F.2d 1135 (7th Cir.1976). Indeed, "§ 1404(a) was designed to prevent the situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts." *Aland v. Kempthorne*, 2007 WL 4365340 at *5 (N.D. Ill. 2007).

Plaintiff argues that her case is so distinct from the *Iagulli* case that the interests of justice do not weigh in favor of transfer. Specifically, Plaintiff maintains that the one common issue – Defendant's liability – is unlikely to be at issue in her case, and that the remaining questions as to damages (*e.g.*, injuries, disability, wage loss, medical expense, future care and pain and suffering) will be case-specific, with little overlap. The Court agrees that damages issues are likely to be unique in both cases. However, as stated above, Defendant has denied, not conceded, liability in both this case and the *Iagulli* case. In determining liability in both cases, the eyewitness testimony from both Anthony Johnson and Todd Iagulli is paramount. As stated above, given the fact that Iagulli and Johnson reside in New Jersey and Texas, respectively, and

are already required to appear in the *Iagulli* case, there is a strong rationale for transferring this case to the Southern District of Iowa in order to enable both witnesses to testify as expeditiously as possible. Furthermore, given that Plaintiff's counsel has "agree[d] to coordinate discovery with counsel in the [*Iagulli*] case so that only one deposition of each witness is necessary," the Court finds that the two cases so closely linked as to warrant transfer. [15 at 14.]

The interests of justice also may be served by a transfer to a district where the litigants are more likely to receive a speedy trial. See *Coffey,* 796 F.2d at 221; *Igoe*, 220 F.2d at 303. The Federal Court Management statistics indicate that while the Southern District of Iowa has a median time from filing to disposition of civil cases of 10.8 months, the Northern District of Illinois disposes of cases in 6.2 months. However, 14% of the Northern District of Illinois's cases are more than three years old, significantly more than the 3.6% in the Southern District of Iowa. Additionally, if this case were to proceed to a jury trial, the Northern District of Illinois has a median time interval of 28.3 months, compared with 20.7 months in the Southern District of Iowa. Balancing the speed of a potential trial with the speed of disposition, neither district appears to possess a distinct advantage over the other, which neutralizes this factor in the overall calculus.

Finally, a court must consider the type of law that is likely to be applied and each court's familiarity with that law. See *Coffey,* 796 F.2d at 221 (holding that "[i]n a diversity action it is also considered advantageous to have federal judges try a case who are familiar with the applicable state law"). Counts I and II of Plaintiff's complaint seek to recover under Illinois law. Although Defendant has filed a motion to dismiss these claims (currently pending before the Court [see 7]), if the motion is denied and the claims survive, they would weigh in favor of denying transfer. With respect to the remainder of the claims, Defendant maintains that Iowa

law will apply. Plaintiff argues that Illinois law would apply, and that even if Iowa law were to govern, the Court should have no difficulty in applying it given the uncomplicated nature of the claims. Although a deep choice of law analysis is outside of the scope of this § 1404(a) motion, the Court finds that it is likely that Iowa law would control, as the accident giving rise to the claims took place in Iowa. Furthermore, although the Court would have little trouble applying Iowa law to the instant case, the inherent advantages for a federal court in Iowa applying the more familiar law of the state in which it sits weigh at least slightly in favor of Defendant's motion to transfer.

On balance, the Court finds that the interests of justice, along with the convenience of the parties and convenience of the witnesses, favor transferring this case to the Southern District of Iowa. The Court is especially persuaded to arrive at this conclusion by the existence of the *Iagulli* case in that forum, as well as by the forum's proximity to non-party witnesses.

## IV. Conclusion

For the reasons set forth above, the Court concludes that this case should be transferred to the United States District Court for the Southern District of Iowa under the § 1404(a). The Court therefore grants Defendant's motion to transfer [8].

Dated: July 5, 2011

_____
Robert M. Dow, Jr.
United States District Judge